Filed 5/4/21  P. v. Conners CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY CONNERS,<br><br>    Defendant and Appellant. | E073794<br><br>(Super.Ct.No. RIF1600859)<br><br>OPINION |


APPEAL from the Superior Court of Riverside County.  David A. Gunn and Jeffrey Prevost, Judges.  Affirmed as modified and remanded with directions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Anthony Conners appeals the judgment entered following a jury trial in which he was convicted of one count of assault with a deadly weapon, with a finding that he personally inflicted great bodily injury. (Pen. Code,[1] §§ 245, subd. (a)(1), 12022.7, subd. (a), 1192.7, subd. (c)(8).) He admitted three prior felony convictions,[2] and the trial court found he had served two prior prison terms (former § 667.5, subd. (b)), had one serious prior felony conviction (§ 667, subd. (a)), and had one prior strike conviction (§§ 667, subd. (c), (e)(1), 1170.12, subd. (c)(1)). On August 9, 2019, the court sentenced defendant to prison for a total term of 16 years, including two one-year prior prison term enhancements. (Former § 667.5, subd. (b); Stats. 2018, ch. 423, § 65, eff. Jan. 1, 2019.)

Defendant contends and respondent agrees that the two one-year prior prison term enhancements must be stricken pursuant to the amendments made to section 667.5, subdivision (b) (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020) by Senate Bill No. 136 (2019-2020 Reg. Sess.). We also agree and remand the matter for the trial court to resentence him accordance with Senate Bill No. 136. Defendant further seeks, and respondent does not oppose, appellate review of the sealed record of the hearing pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*) to determine whether police personnel records were improperly withheld from discovery. Having conducted our review of the in camera proceedings, we find no abuse of discretion.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Felony spousal abuse (Aug. 23, 2002, § 273.5, subd. (a)); making terrorist threats (Aug. 23, 2002, §§ 422, 667, subd. (a)); and felon in possession of a firearm (May 8, 2007, § 12021, subd. (a)).

## I. PROCEDURAL BACKGROUND AND FACTS

On the night of February 20, 2016, the victim observed an argument between defendant and a woman outside a liquor store. Defendant yelled at the woman, grabbed her around the collarbone with both of his hands, pushed her toward the ground, and hit her three or four times. Fearing for the woman's life, the victim tackled defendant to the ground. As the victim and defendant both stood up, defendant said, "'Fuck you,'" and stabbed the victim in the lower abdomen.[3] The victim then punched defendant in the face and walked to the liquor store for help; tissue was protruding out of his open wound.

When the police arrived, the victim provided a description of defendant, who was arrested as he was walking away from the liquor store. The victim was taken to the hospital.

Defendant asserted self-defense. He testified that, as he was sitting outside near the liquor store, he got into an argument with his female companion. He placed his head over his hands, and the victim came up and started punching him on his head, face, and eye. Defendant was unable to retreat, so he stabbed the victim one time in the stomach with a knife. Defendant said he dropped the knife into some bushes and fled because he was afraid of being shot by police. He acknowledged that he had previously been

---

[3] The parties stipulated that defendant admitted in court to stabbing the victim with a knife.

convicted of making criminal threats and felony domestic violence. Pictures taken of his face "on or about" February 27, 2016, appeared to show bruising above and below his left eye; however, the arresting officers could not recall if they had observed such injuries at the scene.

The woman testified defendant did nothing to provoke the victim's attack; however, at the scene of the crime, she told officers the victim came to her assistance after she was attacked by another man. She claimed defendant was not involved. According to the officers, she appeared intoxicated and was difficult to understand.

## II. DISCUSSION

### A. *Senate Bill No. 136*

The parties agree defendant's two one-year prior prison term enhancements must be stricken in light of Senate Bill No. 136.

The amended information alleged defendant had served two prior prison terms for felony spousal abuse and for being a felon in the possession of a firearm. (Former § 667.5, subd. (b).) On June 26, 2019, defendant admitted each of these alleged priors, and the trial court found them to be true. The court pronounced judgment as follows: "It is the judgment of the Court in this matter that probation is denied under Penal Code Sections 667(c)(2) and 1170.12, subdivision (a)(12). Grant of probation is denied. . . . In any event, the Court would not grant probation in the event that I did have discretion to do so. [¶] With respect to the consideration of the circumstances in aggravation,

4

circumstances of mitigation, I agree with the probation department's findings set forth on page 10 of 16 in the probation report and that there are no circumstances in mitigation in this matter. [¶] With respect to the particular term to be imposed under the triad for 245, there's good reason to consider imposing the upper term in this matter, given [defendant's] previous criminal history and, as pointed out by the People, his escalating level of violence in this matter. But I think that there's—there's a mental health component that's operating here that should not necessarily result in a greater penalty to [defendant]. And I think that . . . he actually did relate that he was being assaulted. [¶] So I'm going to impose the mid term of the three years in this matter. Pursuant to the strike prior, Count 1 is the only . . . term in this matter. So the mid term of three years will be imposed, doubled, pursuant to the strike prior to a period of six years, pursuant to 12022.7, subdivision (a), the penalty of three years served fully consecutively will be imposed as to Count 1. [¶] I will impose, and the Court is very well aware, that it now has discretion to strike the so-called nickel prior. However, I think that there's good reason to impose in this particular case in order to protect society, that the alleged—that the found-to-be-true prior under 667, subdivision (a), be imposed. And that the two prison priors under 667.5, subdivision (b) be imposed. So an additional term of five years will be imposed under the nickel prior. And one year each to be served fully consecutively to those terms will be added, for a total of—I think I'm coming up with 16 years."

5

"Senate Bill No. 136 amended section 667.5, subdivision (b) regarding prior prison term enhancements. Former section 667.5, subdivision (b) imposed an additional one-year term for each prior separate prison term or county jail felony term, except under specified circumstances. However, amended Penal Code section 667.5, subdivision (b) imposes that additional one-year term only for each prior separate prison term served for a conviction of a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). [Citation.] 'By eliminating section 667.5, subdivision (b) enhancements for all prior prison terms except those for sexually violent offenses, the Legislature clearly expressed its intent in Senate Bill No. 136 . . . to reduce or mitigate the punishment for prior prison terms for offenses other than sexually violent offenses.'" (*People v. Smith* (2020) 46 Cal.App.5th 375, 396.) Accordingly, we shall strike the now-inapplicable two one-year prior prison term enhancements under former section 667.5, subdivision (b), currently attached to defendant's sentence, and remand for the trial court to resentence him. (See *People v. Jennings* (2019) 42 Ca1.App.5th 664, 682 [court remanded for resentencing in part because defendant was entitled to have enhancements stricken under Senate Bill No. 136].) On remand, the trial court may not exceed the aggregate prison term originally imposed. (See *People v. Castaneda* (1999) 75 Ca1.App.4th 611, 614.)

B. *Pitchess Motion*

On July 20, 2018, the trial court heard defendant's *Pitchess* motion for disclosure of the personnel records of two sheriff's deputies. Defendant sought any personnel records that might tend to show the deputies had credibility issues, including prior acts of

6

moral turpitude, disciplinary actions resulting from the investigation of any citizen complaints, any *Brady*[4] material in general, and any records resulting from civil service commission investigations. The court conducted the in camera hearing and ordered the transcript of the in camera hearing sealed. After the in camera hearing, the trial court stated in court that no discoverable information had been produced during the in camera hearing. Defendant has requested that this court independently review the sealed records of the *Pitchess* hearing to assess whether the trial court improperly withheld any discoverable material from the defense. (*People v. Landry* (2016) 2 Cal.5th 52, 73; *People v. Hughes* (2002) 27 Cal.4th 287, 330; *People v. Mooc* (2001) 26 Cal.4th 1216, 1228.)

"A trial court's ruling on a motion for access to law enforcement personnel records is subject to review for abuse of discretion." (*People v. Hughes*, *supra*, 27 Cal.4th at p. 330; see *Pitchess*, *supra*, 11 Cal.3d at p. 535.) We have reviewed the sealed transcript of the proceedings and conclude that the trial court did not abuse its discretion in refusing discovery on the basis of its conclusion that no materials were relevant to defendant's claims of moral turpitude and dishonesty against the two sheriff's deputies. (*People v. Landry*, *supra*, 2 Cal.5th at pp. 73-74; *Hughes*, at p. 330.)

---

[4] *Brady v. Maryland* (1963) 373 U.S. 83.

## III.  DISPOSITION

The matter is remanded to the trial court with directions to strike the two one-year prior prison term enhancements imposed under former section 667.5, subdivision (b), pursuant to Senate Bill No. 136 and resentence defendant.  After resentencing defendant, the clerk of the superior court is directed to prepare an amended sentencing minute order and an amended abstract of judgment reflecting defendant's new sentence, and to forward certified copies of the amended minute order and amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
P. J.

We concur:


RAMIREZ
P. J.


FIELDS
J.

8